P. H. ZACHARY V. THE STATE.

No. 23488. Delivered November 27, 1946.

The opinion states the case.

*J. R. Owen,* of Taylor, for appellant.

*W. K. McClain,* County Attorney, and *Robert H. Purl,* Assistant County Attorney, both of Georgetown, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is death.

Appellant's sole contention is that the evidence is insufficient to sustain his conviction of the offense of murder with malice.

The record reflects that on the 1st day of May, 1946, Harrison Scruggs owned and operated a business in the town of Taylor. The deceased, L. M. Frieburg, was employed by Scruggs as a clerk or helper. He had no family and slept in the rear of the building. On the night in question, he kept the place open for business until about 9:00 P. M., when he closed the the doors, went to a drug store, purchased a magazine and a cigar, and then returned to retire for the night. After he had entered the place, he heard some one in the building, and began to holler, "Police." Appellant, who had entered the building while it was open for business and secreted himself therein for the purpose of committing theft, struck Frieburg with his fist, knocked him down and then kicked and stomped him until, as appellant said, "he could not do nothing." Appellant then left the deceased lying on the floor in a pool of blood and departed, carrying with him some money, cigarettes and other articles of merchandise which he had appropriated. The next morning Frieburg was found in a semi-conscious condition in a pool of blood six or seven feet square. He was immediately taken to a hospital for medical treatment but died on the following day. An autopsy was performed on the body by Dr. Swanson, which disclosed "a small hemorrhage of the brain, a complete fracture of the left nasal bone, a complete fracture across the bridge of the nose, a complete fracture of the seventh, eighth, and ninth ribs, air and blood in the left thoracic cavity," besides many other injuries.

It was the opinion of the physician that Frieburg died as a result of the wounds inflicted upon him.

The foregoing statement of the facts discloses a cruel disposition and heart regardless of social duty and fatally bent on mischief. The wounds and broken bones in the body of the deceased could not have been produced by one or two kicks. The facts justify the conclusion that appellant jumped on the body of the deceased with all of his weight and force after he had knocked him down.

We realize that if the instrument or means used in committing murder are not per se deadly or which, in the manner of their use, are not ordinarily calculated to produce death, and if, in addition thereto, the evidence raises the issue of lack of intent on the part of the accused to kill, then he is entitled to a charge on the law of aggravated assault. Such an instruction he was awarded at the hands of the court. However, appellant insists that under the law and the facts, he is not guilty of any higher grade of offense than aggravated assault. With this contention we do not agree. Here we have a case where the accused entered the place of business in question and secreted himself therein for the purpose of committing theft, an unlawful act, and when deceased entered the building, appellant pounced upon him, kicked and stomped him until the victim was silenced and rendered helpless and then left lying on the floor writhing in his own blood. What other reasonable conclusion could be drawn from the facts than that the aggressor intended that which is the natural and probable consequence of his acts? The jury had sufficient facts and circumstances as a basis for their conclusion that appellant was conscious of the fact that the deceased may have recognized him and that unless he closed his mouth and silenced him for all time to come, he would most likely face a felony charge and go back to the penitentiary. Therein lies the motive for the commission of the offense.

Since appellant was awarded the supreme penalty, we have written at greater length than we ordinarily do.

Believing that the evidence is sufficient to sustain the conviction of murder with malice, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.